UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
---------------------------------------------------------------X

SHIMON SEROR,

Plaintiff,

-against-

EQUIFAX, EXPERIAN, TRANSUNION, J.P. MORGAN CHASE & CO., CITIBANK, BARCLAYS BANK ,TD BANK, DEPARTMENT STORES NATIONAL BANK/ MACYS, AND SYNCHRONY BANK

Defendant(s).
---------------------------------------------------------------X

Civil Action No.:

**COMPLAINT FOR VIOLATIONS OF THE FCRA**

**DEMAND FOR JURY TRIAL**

Plaintiff, SHIMON SEROR ("Plaintiff"), by and through his attorneys, M. Harvey Rephen & Associates, P.C.,by Edward B. Geller, Esq., P.C., Of Counsel, as and for his Complaint against the Defendants, EQUIFAX, EXPERIAN, TRANSUNION, J.P. MORGAN CHASE & CO., CITIBANK, BARCLAYS BANK, TD BANK ,DEPARTMENT STORES NATIONAL BANK, MACYS, and SYNCHRONY BANK (hereinafter referred to as Defendant(s)"), respectfully sets forth, complains and alleges, upon information and belief, the following:

## INTRODUCTION/PRELIMINARY STATEMENT

1. Plaintiff brings this action for damages and declaratory and injunctive relief arising from the Defendants' violation(s) of: (i) §1681 *et seq. as amended,* of Title 15 of the United States Code, commonly referred to the Fair Credit Reporting Act ("FCRA");

**PARTIES**

2. Plaintiff SHIMON SEROR is a resident of the State of NEW JERSEY , residing at ROSLYN COURT LONG BRANCH, NJ 07740.

3. Defendant TRANSUNION is an ILLINOIS corporation and has a place of business at 555 WEST ADAMS STREET CHICAGO , IL 60661.

4. Defendant EQUIFAX is a GEORGIA corporation and has a place of business at 1550 PEACHTREE ST N W ATLANTA, GA 30309.

5. Defendant EXPERIAN is a TEXAS corporation and has a place of business at 701 EXPERIAN PARKWAY ALLEN, TX 75013.

5. Defendant J.P. MORGAN CHASE & CO. is a NEW YORK corporation and has a place of business a t270 PARK AVENUE NEW YORK , NY 10017.

5. Defendant CITIBANK is a NEW YORK corporation and has a place of business at 399 PARK AVENUE NEW YORK, NY 10043.

5. Defendant BARCLAYS BANK is a DELAWARE corporation and has a place of business at 125 SOUTH WEST STREET, WILIMINGTON, DE 19801.

5. Defendant TD BANK is a MAINE corporation and has a place of business at 2 PORTLAND SQUARE, PORTLAND, ME 04112.

5. Defendant DEPARTMENT STORES NATIONAL BANK is a SOUTH DAKOTA corporation and has a place of business at 701 EAST 60TH STREET, SIOUX FALLS, SD 57104.

5. Defendant MACYS is an OHIO corporation and has a place of business at 7 WEST SEVENTH STREET CINCINNATI, OH 45202.

5. Defendant SYNCHRONY BANK is a UTAH corporation and has a place of

business at 170 WEST ELECTION ROAD, SUITE 125, DRAPER, UT 08807.

6. Defendant(s) EQUIFAX, EXPERIAN & TRANSUNION are regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 USC §1681(d) to third parties.

7. The Defendant(s) EQUIFAX, EXPERIAN &TRANSUNION are hereafter referred to as "Defendant(s) "EQUIFAX, EXPERIAN& TRANSUNION " The Defendant is a "person" and "creditor reporting agency" as defined under in the FCRA, 15 USC §1681a (b) and (f). The Plaintiff is a "consumer" as defined under the FCRA, 15 USC §1681a(c).

**JURISDICTION AND VENUE**

8. The Court has jurisdiction over this matter pursuant to 28 USC §1331, as well as 15 USC §1692 *et seq.* and 28 U.S.C. §2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. §1367(a).

9. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

**FACTUAL ALLEGATIONS**

10. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "9" herein with the same force and effect as if the same were set forth at length herein.

11. The Plaintiff had accounts with Defendants CHASE, CITIBANK, BARCLAYS BANK, TD BANK , DEPARTMENT STORES NATIONAL BANK (herein referred to as DSNB), MACYS, and SYNCHRONY BANK.

12. The Plaintiff acquired a copy of his credit report and noticed his accounts were reporting as charged off every month. It was becoming confusing because the Plaintiff was not able to tell when the original charge off occurred on the accounts .

13. Based on this information the Plaintiff wrote a dispute letter to the Defendants TRANSUNION, EXPERIAN & EQUIFAX stating "I am requesting you to conduct an investigation on few credit cards on my credit report that are still showing a balance even though it was charged off. Also, the date of the charge off is wrong, and they keep reporting that it was charged off. Please take off all the charge offs. These are the ones I'm talking about, the following closed credit cards accounts:

*Barclays Bank Delaware- Its showing that I have a balance of $1125.

*Citi Bank – showing a balance of $1089.

*TD bank USA/target credit- showing a balance of $799

*Macys department stores- showing a balance of $215

*Synchrony bank- showing a 0 balance but charge off date is wrong.

*Lowes credit card- showing a 0 balance but charge off date is wrong.

*Chase- showing a credit limit of $9000. showing a 0 balance but charge off date is wrong.

*Chase- showing a credit limit of $2500. showing a 0 balance but charge off date is wrong.

*Chase- showing a credit limit of $5100. showing a 0 balance but charge off date is wrong.

*Ic systems- I never had an att account.

Again, this is not true. These credit cards were already charged off and I no longer have a balance with them.

14. After submitting the dispute TRANSUNION sent back a response stating that the accounts were verified and updated.

**FIRST CAUSE OF ACTION**
***(Violations of the FCRA)***

15. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "14" herein with the same force and effect as if the same were set forth at length herein.

16. The Defendants TRANSUNION, EXPERIAN & EQUIFAX violated the Plaintiff's rights under 15 USC §1681e(b) by failing to establish and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to the Plaintiff's credit report and credit files Defendant published and maintained, as well as by falsely verifying the Plaintiff's tradeline and reporting the Plaintiff's accounts charged off every month.

17. As a result of Defendants TRANSUNION, EXPERIAN & EQUIFAX violation of 15 USC §1681e(b), Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental, physical and emotional distress.

18. The violation by the Defendants TRANSUNION, EXPERIAN & EQUIFAX of 15 USC §1681e (b) were willful, rendering then liable for punitive damages in an amount to be determined by the Court pursuant to 15 USC §1681n.

19. After receiving the Plaintiff's dispute to Errant Trade Line, TRANSUNION, EXPERIAN & EQUIFAX negligently failed to conduct a reasonable reinvestigation as required by 15 USC §1681i. As a direct and proximate cause of TRANSUNION, EXPERIAN & EQUIFAX's negligent failure to perform their duties under FCRA, the Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

20. TRANSUNION, EXPERIAN & EQUIFAX are liable to the Plaintiff by reason of their violation of the FCRA in an amount to be determined by the trier fact together with his reasonable attorney's fees pursuant to15 USC §1681o.

21. Defendants TRANSUNION, EXPERIAN & EQUIFAX prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding the Plaintiff as that term is defined in 15 USC §1681i(a).

22. Such reports contained information about the Plaintiff that was false misleading, and inaccurate.

23. The Defendants TRANSUNION, EXPERIAN & EQUIFAX violated 15 USC §1681i(a) by failing to conduct a reasonable investigation after receiving the Plaintiff's dispute to an Errant Trade line to determine whether the disputed information was inaccurate and record the current status of the disputed information or delete the item from the Plaintiff's credit files.

24. As a result of the Defendants TRANSUNION, EXPERIAN & EQUIFAX's violations of 15 USC §1681i(a), Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental, physical and emotional distress.

25. The violations by the Defendants TRANSUNION, EXPERIAN & EQUIFAX of 15 USC §1681i(a) were willful, rendering then liable for punitive damages in an amount to be determined by the Court pursuant to 15 USC §1681n. In the alternative, the Defendants were negligent, which entitles Plaintiff to recovery under 15 USC §1681o.

26. As a result of the Defendants TRANSUNION, EXPERIAN & EQUIFAX's violations of 15 USC §1681i (a)(1)(A), Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental, physical and emotional

distress.

27. The violations by the Defendants TRANSUNION, EXPERIAN & EQUIFAX of 15 USC §1681i (a)(1)(A) were willful, rendering them liable for punitive damages in an amount to be determined by the Court pursuant to 15 USC §1681n. In the alternative, the Defendants were negligent, which entitles Plaintiff to recovery under 15 USC §1681o.

28. The Defendants TRANSUNION, EXPERIAN & EQUIFAX violated 15 USC §168i (a)(5)(A) by failing to promptly delete the disputed inaccurate items of information from Plaintiff's credit file or modify the item of information upon a lawful reinvestigation.

29. Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney fees from the Defendants in an amount to be determined by the Court pursuant to 15 USC §1681n and 15 USC §

30. The Defendants Experian , Equifax & Transunion violated the Plaintiff's rights under 15 U.S.C. § 1681c by failing to establish and/or follow reasonable procedures established by the Federal Trade Commission as determined by Case 2:16-cv-04993-KSH-CLW Document 1 Filed 08/15/16 Page 2 of 18 PageID: 2 3 Congress' intent in enacting sections 15 U.S.C. §1681c to establish a single date of the delinquency such as to begin the obsolescence period on charge offs. Furthermore, that a charge off may not be reported on a trade line that is older than 7 years, beginning upon the expiration of the 180-day period measured from the delinquency which immediately preceded the charge off, concluding that a charge off is a singular, onetime event.

**SECOND CAUSE OF ACTION**

***(Violations of NY General Business Law § 349)***

**Deceptive Trade Practices**

31. Plaintiff repeats, reiterates and incorporates the allegations contained in

paragraphs numbered "1" through "30" herein with the same force and effect as if the same were set forth at length herein.

32. Plaintiff is a consumer as that term is defined in New York General Business Law section 349 (NY GBL Sec. 349).

33. The described acts and practices involved "trade or commerce" as such terms are described in NY GBL Sec. 349, "a) Deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state are hereby declared unlawful."

34. An unfair or deceptive practice in the conduct of any trade or commerce is unlawful pursuant to NY GBL Sec. 349.

35. Defendants J.P. MORGAN CHASE, & CO., CITIBANK, BARCLAYS BANK, TD BANK , DSNB/MACYS, SYNCHRONY BANK violated NY GBL Sec. 349 by unfairly and deceptively reporting inaccurate, incomplete, and unverifiable information and by verifying the Plaintiffs status section of the trade line for each of the account as "charge off", as well as the fact that the payment history grid of these trade lines also reported as charge offs, month after month, which makes it appear that each Furnisher is charging off the account anew, month after month. There is no legitimate reason for reporting the account as a charge off month after month in the payment history section and in the Status section. It is confusing, unclear, and inaccurate to anyone who receives the Plaintiff's credit report. Furthermore , there is no way to verify when the trade line will be removed from the Plaintiffs credit.

**THIRD CAUSE OF ACTION**

**15 U.S.C.§1681e(b) VIOLATION OF FAIR CREDIT REPORTING ACT**

**STANDARD OF LEGAL REVIEW**

36. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "35" herein with the same force and effect as if the same were set forth at length herein.

37. In Boggio, the Sixth Circuit confirmed its stance that a private right of action exists if, once notified about a dispute, a furnisher fails to follow the duties laid out in § 1681s-2(b).[2] The Court held: § 1681s-2(b) reads: "After receiving notice pursuant to 1681i(a)(2) of this title of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall –

(A) conduct an investigation with respect to the disputed information;

(B) review all relevant information provided by the [CRA] pursuant to 1681i(a)(2) of this title;

(C) report the results of the investigation to the [CRA];

(D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other [CRAs] to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and

(E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any investigation under paragraph (1), for purposes of reporting to a [CRA] only, as appropriate, based on the results of the investigation promptly –

i. modify that item of information;

ii. delete that item of information; or

    iii.    permanently block the reporting of that item of information."

37. According to Boggio, the duties under (A) and (B) are inextricably linked. For an investigation to be sufficient under (A), it must be "reasonable," which the court describes as a "'fairly searching inquiry,' or at least something more than a merely cursory review."[3] However, what constitutes "reasonableness" in investigation is determined by the "information provided by the [CRA] pursuant to 1681i(a)(2)."[4] Therefore, a furnisher must review the information provided by the CRA under (B) in order to determine the level of scrutiny that a "reasonable" investigation will require.

38. Defendants, TRANSUNION, EXPERIAN & EQUIFAX violated 15 U.S.C. §1681e(b) on multiple occasions by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the Plaintiff's credit report and credit files they published and maintained concerning the Plaintiff.

39. As a result of the conduct, actions and inactions of the Defendants TRANSUNION, EXPERIAN & EQUIFAX the Plaintiff suffered actual damages including without limitation, by example only and as described herein as follows: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

40. TRANSUNION, EXPERIAN & EQUIFAX's conduct, actions and inactions were willful, rendering them liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, the Defendant was negligent entitling the Plaintiff to recover under 15 U.S.C. §1681o.

41. The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from the Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and/or §1681o.

## FOURTH CAUSE OF ACTION

***(Negligent Violations of the FCRA by CHASE, CITIBANK, BARCLAYS, TD BANK , DSNB/MACYS, SYNCHRONY BANK )***

42. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "41" herein with the same force and effect as if the same were set forth at length herein.

43. After being informed by TRANSUNION, EXPERIAN & EQUIFAX of the Plaintiff's consumer dispute of the Errant Trade Line, Defendants J. P. MORGAN CHASE & CO., CITIBANK, BARCLAYS, TD BANK , DSNB/MACYS, and SYNCHRONY BANK negligently failed to conduct a proper investigation of the Plaintiff's dispute as required by **15 USC 1681s-2(b)**.

44. Defendants J.P. MORGAN CHASE & CO., CITIBANK, BARCLAYS BANK, TD BANK, DSNB/MACYS and SYNCHRONY BANK negligently failed to review all relevant information available to them and provided by TRANSUNION, EXPERIAN & EQUIFAX in conducting their reinvestigation as required by15 USC1681s2(b). Specifically, they each failed to direct TRANSUNION, EXPERIAN & EQUIFAX to correct The Errant Trade Line which is inaccurate and creating a misleading impression on the Plaintiff's consumer credit file with TRANSUNION, EXPERIAN & EQUIFAX to which they are reporting such trade line.

45. As a direct and proximate cause of Defendants J.P. MORGAN CHASE & CO., CITIBANK, BARCLAYS BANK, TD BANK , DSNB,MACYS, and SYNCHRONY BANK'S negligent failure to perform their duties under the FCRA, the Plaintiff has suffered damages,

mental anguish, suffering, humiliation and embarrassment.

46. Defendants J.P. MORGAN CHASE & CO., CITIBANK, BARCLAYS BANK, TD BANK , DSNB, MACYS, SYNCHRONY BANK are liable to the Plaintiff by reason of their violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to **15 USC 1681o.** 20. The Plaintiff has a private right of action to assert claims against the above named Defendants arising under **15 USC 1681s-2(b).**

47. **WHEREFORE**, Plaintiff demands judgment for actual, statutory, and punitive damages against Defendants, jointly and severally; for his attorneys' fees and costs, for prejudgment and post-judgment interest at the judgment rate, and such other relief the Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

48. Plaintiff hereby respectfully requests a trial by jury for all claims and issues in its Complaint to which it is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from the Defendants as follows:

A. For actual damages provided and pursuant to 15 USC §1681n of the FCRA;

B. For statutory damages provided and pursuant to 15 USC §1681n of the FCRA;

C. For statutory damages provided and pursuant to 15 USC §1681n of the FCRA;

D. For attorneys' fees and costs provided and pursuant to 15 USC §1681n of the FCRA;

G. For statutory, actual and punitive damages of $1,000,000.00 provided and pursuant to the FCRA, 15 U.S.C. 1681 § n (a)(1)(A), n (2), n (3); in the alternative for damages pursuant to negligence under 15 U.S.C. 1681 § o (a) (1)(2)

H. For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated: New York, New York
October 5, 2018

Respectfully submitted,

By: ______________________

Edward B. Geller, Esq.
Edward B. Geller, Esq., P.C., Of Counsel to
M. HARVEY REPHEN & ASSOCIATES, P.C.
15 Landing Way
Bronx, New York 10464
Phone: (914)473-6783

*Attorney for the Plaintiff* SHIMON SEROR

To: EQUIFAX
1550 PEACHTREE STREET N.W
ATLANTA, GA 30309

EXPERIAN
701 EXPERIAN PARKWAY
ALLEN, TX 75013

TRANSUNION
555 WEST ADAMS STREET
CHICAGO, IL 60661

SYNCHRONY BANK
170 WEST ELECTION ROAD SUITE 125
DRAPER, UT 08807

BARCLAYS BANK
125 SOUTH WEST STREET
WILMINGTON, DE 19801

MACYS
7 WEST SEVENTH STREET
CINCINNATI, OH 45202

DSNB
701 EAST 60TH STREET
SOUIX FALLS , SD 57104

J.P. MORGAN CHASE & CO.
270 PARK AVENUE
NEW YORK. NY 10017

CITIBANK
399 PARK AVENUE
NEW YORK, NY 10043

TD BANK
2 PORTLAND SQUARE
PORTLAND, ME 04112

*(Via Prescribed Service)*

Clerk,
United States District Court, District of New Jersey

*(For Filing Purposes)*

---

**COMPLAINT**

---

Edward B. Geller, Esq., P.C., Of Counsel to
*M. HARVEY REPHEN & ASSOCIATES, P.C.*
*15 Landing Way*
*Bronx, New York 10464*
*Phone: (914)473-6783*

AFFIRMATION

I, Shimon Seror, under the penalty of perjury, deposes and say:

I am the Plaintiff in the above entitled action. I have read the foregoing Complaint and know the contents thereof. The same are true to my knowledge, except as to matters therein stated to be alleged on information and belief and as to those matters I believe them to be true.

Shimon Seror

Shimon Seror [Printed]

Plaintiff

Affirmed before me this day of 2018

Notary Public

AARON A MANDOLA
MY COMMISSION EXPIRES
JULY 3 2021
ID # 24101695
NOTARY PUBLIC, STATE OF NEW JERSEY